UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| Plaintiff, | ) ) ) |
| v. | ) Case No. 4:24CR331 HEA |
| JOHN KJAR, | ) ) ) |
| Defendant. | ) ) |

**OPINION, MEMORANDUM AND ORDER**

This matter is before the Court on the Report and Recommendation of Magistrate Judge John M. Bodenhausen as to Defendant's Motion to Dismiss the Indictment, [Doc. No. 25]. Judge Bodenhausen held a hearing on the Motion on September 23, 2024. In his October 15, 2024 Report and Recommendation, Judge Bodenhausen recommended Defendant's Motion be denied.  Defendant has filed a written objection to this recommendation.  The Government has filed a response to Defendant's Objections. For the reasons set forth below, the objections are overruled, and the Court will adopt Judge Bodenhausen's Report and Recommendation.

The Court has conducted a *de novo* review of those portions of the Report and Recommendation to which Defendant objects. See 28 U.S,C. 636(b)(1)(A).

The Court has read the transcripts of the hearing and has fully considered the briefs filed on the original motions as well as the objections and has independently researched the controlling law. After fully considering all of these matters, the Court will adopt and sustain the thorough reasoning of Judge Bodenhausen as set out in his Report and Recommendation.

## Discussion

Defendant is charged in a one count Indictment with making a false statement to a financial institution in violation of 18 U.S.C. § 1014. Defendant argues the indictment should be dismissed because the facts fail to allege that the statement allegedly made to U.S. Bank was a "false statement." Defendant bases this argument on his position that the indictment must be dismissed because it does not include an alleged violation of the CARES Act, the statute that codified the *Paycheck Protection Program ("PPP"). Alternatively, Defendant seeks dismissal* based on the rule of lenity and the void for vagueness doctrine because the CARES Act is ambiguous and vague.

Judge Bodenhausen addresses all of Defendant's arguments in his Report and Recommendation. As Judge Bodenhausen correctly points out, "[a]n indictment is legally sufficient on its face if it contains all of the essential elements of the offense charged, fairly informs the defendant of the charges against which he must defend, and alleges sufficient information to allow a defendant to plead a

2

conviction or acquittal as a bar to a subsequent prosecution." *United States v. Steffan*, 687 F.3d 1104, 1109 (8th Cir. 2012)(citations and quotations omitted); see also *Hamling v. United States*, 418 U.S. 87, 117 (1974).

Defendant's focus is on the statements made in relation to the provisions of the CARES Act. The Court, however, agrees with Judge Bodenhausen's analysis. Defendant is charged with violating 18 U.S.C. § 1014, not with a violation of the noncriminal CARES Act. Accordingly, the indictment must contain the elements of the offense of making a false statement, not any violation of the provisions of the CARES Act.

> To secure an indictment for false loan application in violation of 18 U.S.C. § 1014, the Government must show probable cause to believe that Perkins (1) "made a 'false statement or report,' " (2) " 'for the purpose of influencing in any way the action of [a described financial institution] upon any application, advance, ... commitment, or loan.' "

*United States v. Perkins*, No. 4:22-CR-00246, 2023 WL 7336489, at *5 (M.D. Pa. Nov. 7, 2023).

Defendant objects to Judge Bodenhausen's conclusion that the indictment is not unconstitutionally vague because it fails to address the PPP Rules. Defendant presents no new arguments in this regard. The Report and Recommendation addresses Defendant's arguments with regard to the Rule of Lenity and the claimed unconstitutionally vague nature of the CARES ACT. Again, Defendant's arguments fail to persuade the Court that the indictment in this case fails to satisfy

3

the necessary requirements to withstand challenge. The indictment in this case carefully sets out all of the elements of 18 U.S.C. § 1014, the statute, under which Defendant is charged, not the CARES Act.  Defendant's objection is overruled.

## Conclusion

The Court has read the transcripts of the hearing and has fully considered the briefs filed on the original motions as well as the objections. The Court has additionally independently researched the controlling law. After fully considering all of these matters, the Court will adopt and sustain the thorough reasoning of Judge Bodenhausen as set out in his Report and Recommendation.

Accordingly,

**IT IS HEREBY ORDERED** that Defendant's Motion to Dismiss the Indictment, [Doc. NO. 25], is **denied**.

Dated this 12th day of December,  2024.

_____
HENRY EDWARD AUTREY
UNITED STATES DISTRICT JUDGE